Leonard H. Sandler, J.
The plaintiffs, a young couple recently arrived in this city, sue to recover certain sums paid to the defendants in connection with the lease of an apartment. Although the complaint merges the amounts sought, it is apparent that plaintiffs, acting pro se, are seeking $208 from Clifton Dey Properties, Inc., paid to that defendant for its services as a real estate broker, and are further seeking $348 from the *818 defendant landlord, representing the total of a security payment and the first month’s rent.
I find for the plaintiffs in the sum of $348 against the defendant Madek Properties Corp., with interest from January 15, 1970. I find for the defendant Clifton Dey Properties, Inc. on the claim against it.
The facts of this case present a familiar story — the theme of numerous literary and artistic creations — of the young person or couple, recently arrived in the famous metropolis, who quickly find their funds depleted through a blend of their own inexperience and a business-as-usual insensitivity on the part of others.
The plaintiffs, just come to New York City after the husband’s separation from military service on January 2, 1970, expressed interest in an apartment at 27 West 76th Street. On viewing the apartment, they found it unsatisfactory in a number of ways, but were assured by the broker that the major shortcomings would be promptly rectified. No doubt-, the plaintiffs understood the representations to be more sweeping and unqualified than the exact words would justify.
In any event, the plaintiffs executed a lease on January 13, 1970; with occupancy scheduled to commence on January 15, 1970.
The conditions that faced them on the date of their ‘ ‘ taking possession” constituted a major violation of the landlord’s covenant of quiet enjoyment, and represented a constructive eviction of the plaintiffs at the very inception of their projected occupancy. The apartment then was substantially as when viewed earlier, with few if any efforts at improvement undertaken. In one respect, the apartment was • substantially worse, and in another significant respect the apartment, viewed in the improved light provided by a lighting fixture in the bathroom, appeared worse.
An apartment without a refrigerator, without a lighting fixture in one of the rooms, with part of the kitchen floor rotted, with the bathroom walls pervasively stained, with numerous and sizable holes on the walls, with a major infestation of roaches, does not measure up to fulfillment of the landlord’s covenant of quiet enjoyment. (1 Rasch, Landlord and Tenant and Summary Proceedings, §§ 845, 873, 881, 886, 890-898; Mutual Life Ins. Co. of N. Y. v. Winslow, 183 Misc. 754; West 30th St. Parking Corp. v. Sobel, 21 Misc 2d 274.) And the response of the landlord to the strenuous complaints of the plaintiffs, immediately expressed, was not such as to give any assurance of prompt or significant improvement,
*819 The evidence is clear that the plaintiffs, although retaining the key as a negotiating resource, never entered into occupancy of the apartment. Abandonment in response to the constructive eviction is indisputable.
In short, I find that the landlord substantially breached his obligations under the lease, and effectively permitted the continuance of conditions that were incompatible with possession by the plaintiffs. The plaintiffs are thus entitled to prompt return of their security and the first month’s rental deposit.
As to the claim against the broker, I do not find that that defendant made any intentional misrepresentations to induce the signing of the lease.
Accordingly, judgment is to be entered for the plaintiffs against Madek Properties Corp. in the sum of $348 with interest from January 15, 1970. I further direct costs on behalf of the plaintiffs against Madek, and no cost for the defendant Clifton Dey Properties, Inc.